UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael M. MARTIN, Defendant–
Appellant.

No. 00–30165.

D.C. No. CR–99–00432–AJB.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2001 *.

Decided Feb. 7, 2001.

Before McKEOWN, W. FLETCHER
and RAWLINSON, Circuit Judges.

MEMORANDUM **

Michael M. Martin is appealing the district court's denial of his motion to suppress a forged identification and counterfeit postal key found during an inventory search of his automobile. Martin was convicted by conditional guilty plea of theft or receipt of stolen mail (18 U.S.C. § 1704) and possession of a counterfeit post office key (18 U.S.C. § 1708). He was sentenced to 12 months incarceration and 3 years supervised release. Martin contends that because Portland Police General Orders afford police unbridled discretion regarding when and whether to allow individuals to remove personal property from their cars prior to an inventory search, the procedures violate the Fourth Amendment.

In a recent opinion, we addressed this issue and held that the Portland Police General Orders do not violate the Fourth Amendment. See United States v. Penn, 233 F.3d 1111 (9th Cir.2000). We held that although Portland police officers have discretion whether to give permission to a driver of an impounded vehicle to take personal property from the vehicle, the officers have no discretion to release property before inventorying it. Id. 1115–16.

Accordingly, we find that the officer in the present case did not exercise unbridled discretion in conducting the inventory search prior to allowing the removal of personal property from the vehicle. The ordinances and directives do not provide

---

* The panel unanimously finds this case suitable for decision without oral argument. See Federal Rules of Appellate Procedure 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

for such discretion. The city of Portland has established standardized criteria for conducting inventory searches and no Fourth Amendment violation occurred in this case.

AFFIRMED.